OaRDTheRS, J.,
delivered the opinion of the Court.
On the 8th of October, 1855, the plaintiff commenced his suit by summons in Sumner Circuit Court, for trespass upon his person, against the defendant, and laid his damages at ten thousand dollars.
On the same day he procured the issuance of an attachment against the property of defendant, upon the ground that he so absconded or concealed himself that the ordinary process of the law could not be served upon him. The summons was not served, but property was attached. At the return term, March, 1856, a declaration in the common form was filed, as upon the attachment of property, without any notice of the original process by summons, and no alias was ordered. The attachment as well as summons was issued without security for costs, but under the pauper act of 1821. A motion to quash the attachment was made and sustained, the suit dismissed, and appeal to this Court.
The ground upon which the Court acted is not stated in the record, but that taken here is, that an attachment cannot be issued under the pauper act, but only upon security for costs and damages, as provided by the acts of 1794 and 1843. We think the judgment of the Court cannot be sustained upon that ground. The Courts have always favored the policy of the act of 1821, to enable the poor to assert their rights, and have given to it a broad and liberal construction, as will be seen by reference to the decisions of this Court, which are too familiar to require even a reference. We are not aware that the *269 question presented in this case has been made or adjudicated before, but the practice has certainly, to some extent at least, been against the position assumed.
We think the intention of the Legislature, by the act of 1821, was to allow poor persons the process of attachment as well as summons when necessary, in the prosecution of their rights by suit, upon making the required affidavit, without giving security. If the act does not go to this extent, it would be a fruitless benefit in many cases, and fall very far short of the object intended, which was to place the weak on a level with the strong, in a contest for their rights, in the Courts of justice. It is said that there would be much abuse under this construction. This is doubtless true, but that is no argument. Greater abuses and oppression might result to those who are unable to bear the expenses of a lawsuit or give security for the necessary process, if the doors of the Courts were shut against them for want of ability to give the required security for costs and damages. It would be a departure from the spirit of our former decisions and the settled policy of the State, to hold that the writ of attachment should be denied to the pauper who conforms to the act made for his benefit in the assertion of his rights. The judgment below, then, cannot be maintained upon that ground, and if that were all, it would be held to be erroneous.
2. But there is another objection which is fatal to this proceeding, and upon which the action of the Court must be sustained. It was held for the first time in Thompson vs. Carper, 11 Humph., 542, that attachments against the property of a defendant might be issued, under the act of 1843, in actions of tort as well as contract. *270 But tie same case holds that it can only be used in such cases as ancillary and not original process: it may issue simultaneously with or subsequently to the summons, but must be ancillary thereto. It cannot in actions ex delicto be made the foundation of a suit, so as to dispense with the service of the summons or original process. A party then cannot abandon his writ and declare upon his attachment in such cases. If this could be done, the rule above stated could be in any case evaded by issuing a summons against a non-resident, and then falling back upon the attachment against his property, for the purpose of giving jurisdiction in all cases of tort. T<> condemn a man and take his property, in any sort of case, unheard, is a dangerous innovation, and can only be sustained upon considerations of public policy and apparent necessity, and cannot be allowed beyond express legislative provisions. There is no law authorizing a suit to be instituted and carried on against another in form ex delicto by original attachment. In all such cases the ordinary process by summons must be the foundation of the suit; and if this be not issued, or if issued abandoned, and the declaration founded upon the attachment, it cannot be sustained.
Upon this ground the action of the Court was correct, and we affirm the judgment.